# Dexter *v.* Powell.

*Rules of court—Construction by court—Appeal.*

Every court is the best judge of its own rules and its construction thereof will not be reversed unless manifestly erroneous and injurious; but while the construction which a court puts upon its own rule is entitled to the highest respect and is only to be reversed in case of clear error, it is always proper on appeal to consider the construction which the Supreme Court has put upon rules which speak in language almost identical with regard to the same subject-matter.

*Practice, C. P.—Promissory note—Proof of execution—Abrogation of rule of court.*

Where a rule of court provides, " that in actions upon a note, etc., a copy of which has been filed with the statement, the execution of the paper, including the handwriting of drawer, acceptor or indorser thereon, shall be taken as admitted on the trial unless the defendant shall deny the execution on oath within the time prescribed for filing affidavits of defense," it was error for the trial judge to require the plaintiff in the absence of such affidavit, to prove the authority of the agent who indorsed for the payee company.

Argued May 23, 1900.    Appeal, No. 232, April T., 1900, by plaintiff, in suit of F. W. Dexter, doing business as F. W. Dexter & Co., against Wm. R. Powell, from judgment of C. P. Erie Co., May T., 1899, No. 263, on verdict for defendant. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Reversed.    Opinion by W. D. PORTER, J.

Assumpsit.    Before WALLING, P. J.

It appears from the record that defendant executed and delivered his promissory note for $20.00 payable six months after date to the Wingate's Trade Exchange.    This note indorsed " Wingate's Trade Exchange, E. S. Andrews, Mgr." was delivered to Dexter & Company, plaintiff in this case.    Before maturity of the note Dexter & Company caused the same to be placed with the First National Bank of Erie for collection.    At maturity, demand of payment was made by said bank of the defendant, and payment was refused.    Whereupon suit was brought by the plaintiff against the maker of the note to recover the amount of the same with interest.

In the affidavit of defense filed by defendant there was no

denial of the execution and delivery of the note, nor of the indorsement of the payee, the affidavit being confined entirely to equities between the maker and payee.

On the trial, plaintiff under the rule of court, offered the note in evidence without proof of its execution by the maker or of the indorsement by the payee. Counsel for defendant objected to the offer on the ground that the indorsement purported to be made by the manager of the payee concern and the plaintiff should first prove the authority for the indorsement. The court sustained the defendant's objection, withdrew the case from the consideration of the jury, and directed a verdict for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in rejecting plaintiff's first offer, which was as follows: " Plaintiff's counsel offers note in this case in evidence in accordance with court Rule No. 1, paragraph two of the court rules, said rule reading as follows: ' In actions founded upon deed, bond, note, bill or other instrument of writing for the payment of money or the performance of stipulated duties, a copy of which shall have been filed with the narr. or statement, the execution of such paper or writing, including the handwriting of the drawer, acceptor or indorser thereon, shall be taken as admitted on the trial, unless the defendant or some one in his behalf shall deny the execution on oath within the time prescribed for filing affidavits of defense.' Defendant's counsel objects, unless the indorsement and the authority for the indorsement be proved. That the indorsement is made to Wingate's Trade Exchange, in printing, by E. S. Andrews, manager, and that the rule of the court is not so broad as to make that evidence prima facie without proving first, the indorsement, and second, the authority of the indorsee, to make such indorsement. Defendant's counsel objects for the further reason that that note is not the note declared upon. The Court: I have grave doubts whether this rule covers this indorsement. The indorsement is manifestly made by an agent—that is shown by itself. It seems to me it was the duty of the plaintiff, whose only right of action arises by virtue of that indorsement, to prove the authority of the agent to make the indorsement. The rule of court does not dispense with the proving of the agency;

164 DEXTER *v.* POWELL.

Assignment of Errors—Opinion of the Court. [14 Pa. Superior Ct.

it does say the execution of the note, but does not·say the execution of the indorsement. It says simply the handwriting of the indorsement. I think, Mr. Crosby, you will have to prove the authority of Mr. Andrews as agent for the Wingate's Trade Exchange. Until that is done the note is excluded. The objection is sustained, and an exception sealed for the plaintiff."

*W. G. Crosby*, for appellant.—A rule of court having prescribed that in actions upon a note, a copy of which shall have been filed within two weeks from the return day, it shall not be necessary to prove the execution thereof, unless the defendant, by affidavit, shall have denied that it was executed by him. Held, that the copy of the note having been filed, and its execution not denied by affidavit, proof of its execution by the maker, or of its indorsement by him, was not necessary : Miller v. Weeks, 22 Pa. 89 ; Clegg v. Mintzer, 15 Phila. 64.

The fact that the indorsements by the payee purported to have been made by its business manager cannot effect the rule, the indorsement or the authority therefor not being denied in the affidavit of the defendant.

The manager of a company, "limited," who is also general superintendent, can bind the company by his indorsement as "general superintendent" : Schofield v. Asbestos Fibre Co., 5 W. N. C. 209.

*C. L. Baker*, with him *A. A. Freeman, Henry E. Fish* and *John S. Rilling*, for appellee.—When indorsement is made by an agent, both his signature and authority must be proved : 2 Randolph on Commercial Paper, sec. 774 ; Real Estate Investment Co. v. Russell, 148 Pa. 496.

This rule does not relieve, by implication even, the plaintiff below from the burden of proving the authority of the agent who made the indorsement, and the court below properly ruled that the note be excluded until the authority of the agent making such indorsement be proven by competent evidence : Sheldon & Co. v. Bahner, 4 Pa. C. C. R. 16.

OPINION BY W. D. PORTER, J., July 26, 1900:

This is an action by the holder of a negotiable promissory

note against the maker. The plaintiff filed with his statement a copy of the note, which was payable to Wingate Trade Exchange, or order, and was indorsed "Wingate Trade Exchange, E. S. Andrews, Manager." An affidavit of defense was filed, setting forth a defense upon the merits, but the execution of the paper by the maker and the indorser was not denied. At the trial the plaintiff offered the note in evidence, alleging the right to do so without proving the execution thereof, by force of Rule 1, paragraph 2 of the court below, which rule reads as follows: "In actions founded upon deed, bond, note, bill or other instrument of writing for the payment of money, or the performance of stipulated duties, a copy of which shall have been filed with the narr. or statement, the execution of such paper or writing, including the handwriting of drawer, accepter or indorser thereon, shall be taken as admitted on the trial, unless the defendant, or some one in his behalf, shall deny the execution on oath, within the time prescribed for filing affidavits of defense." The defendant objected, upon the ground that the note was not admissible under the rule, without first proving the indorsement, and, second, the authority of the indorser to make such indorsement. The learned court below sustained the objection, which action is now assigned for error. Every court is the best judge of its own rules, and its construction thereof will not be reversed unless manifestly erroneous and injurious: McLane v. Hoffman, 164 Pa. 491; Higgins Carpet Company v. Latimer, 165 Pa. 617. The rule in question tends to speed the final disposition of causes, and to dispense with the production of evidence tending to establish facts with regard to which the parties, in their affidavits, substantially agree. If the matter necessary to make out plaintiff's case comes within the operation of this rule, he has a right to reply upon the enforcement of the rule, and it would be a hardship to require him to have present at the trial witnesses necessary to establish a fact which, under the rule, he has the legal right to assume to be admitted to be true. This being so, he prepares and produces his evidence with a view solely to the questions of fact which remain disputed. To have in attendance witnesses to prove the facts already conclusively established by the rule of court would simply be to unnecessarily increase costs. Did this rule of court require the admis-

sion of this note in evidence without proof of the indorsement thereon ? If it clearly did, then the ruling of the learned court below was erroneous. The plaintiff could have had no notice that the rule would be construed in a manner contrary to its express provisions. Such a construction imposed upon him, in the midst of a trial, a burden of proof from which he was by the rule exempted. While the construction which a court puts upon its own rules is entitled to the highest respect, and is only to be reversed in case of clear error, it is always proper on appeal to consider the construction which the Supreme Court has put upon rules which speak in language almost identical, with regard to the same subject-matter. In Miller v. Weeks, 22 Pa. 89, a rule of court that, " In all actions brought in this court upon any deed, bond, bill, note or other instrument of writing, a copy of which shall have been filed within two weeks from the return day, to which the action is brought, it shall not be necessary for the plaintiff on the trial to prove the execution thereof; but the same shall be taken to be admitted, unless the defendant, by affidavit filed at or before the time of filing his plea, shall have denied that said note, etc., or other instrument of writing, was executed by him," was held to embrace the indorsements upon the note, in an action by the holder against the maker. The rule with which we have to deal is much broader. It does not stop with declaring that the execution of such paper shall be taken as admitted, but goes further, and, by language which cannot be misunderstood, leaves nothing to mere construction. When the rule declares that the execution of the paper shall be taken as admitted, it means that the paper shall be received as duly executed, by one having authority so to do. The learned court below in formulating this rule, in order to make it clear that the execution by the indorser, as well as by the maker, was to be brought within the operation of this rule, used these words : " The execution of such paper, or writing, including the handwriting of drawer, accepter, or indorser thereon, shall be taken as admitted." This was notice to all that the plaintiff in an action upon a promissory note or bill of exchange would not be required to produce evidence of the execution of the instrument by the maker, and its indorsement by the various parties through whose hands it might come into the possession of the holder. When a

plaintiff in an action on a negotiable note brought himself within the operation of this rule, and the defendant did not deny the execution of the paper, as required by the rule, this manifest result was reached: the plaintiff was entitled to read his note in evidence and his prima facie case was then made out. The action of the court below which is complained of was not a construction of the rule of court, but an abrogation of its plain terms. The jury had been sworn, and the plaintiff was injured by being suddenly called upon to prove facts which he had a right to consider as already determined in his favor. The first and second specifications of error are sustained.

Judgment reversed and venire facias de novo awarded.