# Dickinson Township Road.

*Road law—Rules of court—Certificate of counsel—Discretion.*

Where a rule of court provides that a petition for the appointment of viewers shall be accompanied by a certificate of counsel, to the effect that the petition is in proper form and the prayer thereof is lawful, and that in the absence of such certificate viewers shall not be appointed, and the court appoints viewers on a petition unaccompanied by certificate of counsel, the court may subsequently permit the record to be amended by adding the certificate nunc pro nunc.

*Constitutional law—Title of statute—Road law—Act of April 4, 1901.*

The Act of April 4, 1901, P. L. 65, entitled "An act to amend section 11 of the act of 13th of June, one thousand eight hundred and thirty-six (Pamphlet Laws, 556), relating to private roads," is not unconstitutional as defective in title.

Legislation authorizing the laying out of private roads cannot be attacked on the ground that it involves a taking of private property for private use.

Argued March 10, 1903. Appeal, No. 11, March ·T., 1903, by Philadelphia Clay Manufacturing Company, from order of Q. S., Cumberland County, dismissing exceptions to report of viewers in case of Dickinson Township Road. Before BEAVER, ORLADY, SMITH, W. D. PORTER and MORRISON, JJ. Affirmed.

Petition for appointment of viewers.

From the record it appeared that the petition when filed was not accompanied with a certificate of counsel as to its regularity and legality, as provided by the rules of court. The court subsequently permitted the certificate to be filed nunc pro tunc. The viewers reported in favor of the road. Exceptions were dismissed in an opinion by E. W. BIDDLE, P. J., in which he held that the Act of April 4, 1901, P. L. 65, was constitutional.

*Errors assigned* were in dismissing exceptions to the report of viewers, and in permitting the amendment of the record.

*W. F. Sadler,* of *Sadler & Sadler,* for appellant.—The certif-

icate was necessary to confer jurisdiction on the court and it was therefore powerless to permit an amendment of the pleadings: Dinsmore & Auburn, 26 N. H. 356; Cherry Tree Twp. Road, 10 Pa. C. C. Rep. 389.

An insufficient affidavit in foreign attachment cannot be amended: Shumway v. Webster, 24 W. N. C. 336; Jacobs v. Tichenor, 27 W. N. C. 35.

Nor can the bond in such proceedings be amended: Columbia Fire Ins. Co. v. Bolton, 2 Pear. 222; Spettigue v. Hutton, 9 Pa. C. C. Rep. 156; State Line, etc., R. R. Co.'s App., 77 Pa. 429; Pottstown Boro., 117 Pa. 538; Com. v. Samuels, 163 Pa. 283; Beckert v. Allegheny, 85 Pa. 191; Easton v. Potter Co., 7 Pa. Dist. Rep. 189.

The act of 1901 involves the taking of private property for private purposes: Edgewood R. R. Co.'s App., 79 Pa. 257.

*J. W. Wetzel,* of *Wetzel & Hambleton,* for appellee.—The exercise of the liberal discretion accorded to every court in construing and enforcing its own rules is not controllable except for clear abuse: Peck's Appeal, 11 W. N. C. 31; Lance v. Bonnell, 105 Pa. 46.

All that is required of a title to an act is, that it fairly gives notice of the subject of the act, so as reasonably to lead to an inquiry into its body: Allegheny's County Home's Appeal, 77 Pa. 77.

It is certainly settled that the act of June 13, 1836, so far as it relates to private roads, is constitutional; Pocopson Road, 16 Pa. 15; Palairet's Appeal, 67 Pa. 479.

OPINION BY W. D. PORTER, J. May 4, 1903:

Among the rules of the court below is the following: "Every petition for the appointment of road or bridge viewers shall be first examined by counsel, and certified by him upon the same to be regular and in due form and that the prayer thereof is lawful and conforms to the purpose of the petitioners, otherwise viewers shall not be appointed." When, on July 23, 1901, the petition for viewers was presented in the present case, it was not accompanied by the certificate required by this rule, but the court notwithstanding appointed the viewers. On August 20th following, upon petition and motion of counsel

for the petitioners, the court granted a rule to show cause why the record should not be amended, by adding thereto the certificate of counsel required by the rule. The viewers had not yet reported, and the time had not arrived when they were required to report. The appellants filed an answer opposing the granting of the amendment, which did not, however, disclose that they had by the absence of the certificate been led into any course of action prejudicial to their rights. The learned judge of the court below permitted the record to be amended as prayed for, which is now assigned for error. The jurisdiction of the court to entertain the proceeding was derived from an act of assembly; the rule above quoted did not deprive the court of jurisdiction of the subject-matter. The rule was but a regulation of the practice of the court, and it was within the discretion of the court to waive or suspend its operation at any time, unless some person would thereby be deprived of some right: Lance v. Bonnell, 105 Pa. 46; Dexter v. Powell, 14 Pa. Superior Ct. 162; Higgins Carpet Company v. Latimer, 165 Pa. 617. The first specification of error is dismissed.

This proceeding is founded upon the Act of April 4, 1901, P. L. 65, entitled "An act to amend section 11 of the act of 13th of June, one thousand eight hundred and thirty-six (Pamphlet Laws, 556), relating to private roads." The appellants contend that this title is insufficient, and the statute for that reason unconstitutional. "The object of section 3, article 3, of the constitution, relating to titles of acts is that legislators and others interested, shall receive direct notice in immediate connection with the act itself, of its subject matter, so that they may know .or be put upon inquiry as to its provisions and their effect. Suggestions or inferences which may be drawn from knowledge dehors the language used are not enough :" Commonwealth ex rel. v. Samuels, 163 Pa. 283 ; Beckert v. City of Allegheny, 85 Pa. 191. A title to an act amending a former statute which merely referred to the day of approval of the act amended and the page of its publication in the Pamphlet Laws, would afford no notice of the subject with which the proposed legislation dealt, and would be insufficient. The title under consideration does not attempt to give the title of the act of June 13, 1836, nor does it pretend to do so;

34, (1903).]                    Opinion of the Court.

it refers to the particular section of the act of 1836, which is it proposed to amend, and then, instead of reciting the title of the act, correctly states the subject-matter of the legislation. No one could read the title and fail to understand that the proposed legislation related to private roads. This answered the purpose and was in harmony with the spirit of the constitutional provision. The second assignment of error is overruled.

The contention of the appellant that the legislation authorizing the laying out of private roads is unconstitutional for the reason that it involves a taking of private property for private use, does not require extended consideration. The question was squarely raised and determined adversely to this contention half a century ago: Pocopson Road, 16 Pa. 15. The opinion in that case was, it is true, very brief and did not state the grounds upon which the decision was based, but sound reasons for the conclusion are to be found in the opinion of Mr. Justice SHARSWOOD, in Palairet's Appeal, 67 Pa. 479.

The order of the court of quarter sessions is affirmed.