## Coons *v.* McKees Rocks Borough, Appellant.

*Roads and streets—Change of grade—Boroughs—Injury to lease-hold—Damages—Amendment to statement—Agreement of counsel —Chose in action—Assignment—Verdict—Remittitur—Witnesses —Competency—Evidence.*

1. In a proceeding to recover damages for injuries resulting to a leasehold interest from a change of grade of a street, evidence of the necessity for and the proper costs of raising buildings to conform to the new grade is admissible, not as a separate item of damage or as an independent fact for the jury, but as an element bearing on and affecting the market value.

2. In such case, the fact that a witness testified that he paid a certain amount for raising the buildings instead of stating the reasonable cost thereof does the defendant no substantial harm, where later in the trial the defendant shows on direct examination by the man to whom the money was paid that the amount was a reasonable charge and that the work was worth what he received for it.

3. Where in such case it appears from the record that the lessee assigned his lease and claim for damages, and that the assignee thereof did and subsequently her executor assigned such lease and claim to the use plaintiff, and that by agreement of counsel a stipulation that the case should be proceeded with and tried on its merits was filed of record, it was not error for the court to admit in evidence the assignment of the claim for damages to the testatrix and the will of such testatrix, which were offered as part of the line of proof to explain the title of the use plaintiff.

4. The competency of a witness to express an opinion regarding the value of a leasehold has been sufficiently shown where the witness testifies that he was the former owner of the leasehold and had a general familiarity with values in the neighborhood, and the admission of his testimony was not reversible error, especially where, subsequent to his examination, evidence consistent with his testimony and sufficient to sustain the verdict was given by several real estate men who knew the value of land and leases in the locality, and the competency of whose testimony was not attacked in any assignment of error.

5. The court did not err in such case in permitting an amendment increasing the amount of damages claimed in the statement of claim, where the amendment represented no departure from the original cause of action, particularly where a stipulation had been

filed by agreement of counsel permitting the use plaintiff to perfect the record so that he might be in position to prove such damages as he conceived the leasehold had suffered.

6. A claim for damages for injuries to property caused by a change of grade of an adjacent street is assignable.

7. It is within the power of the Court of Common Pleas to permit a verdict to stand upon condition that a remittitur for part of the verdict be filed of record.

*Practice, Supreme Court—Appeals—Assignments of error—Testimony misquoted—Defective assignment.*

8. An assignment of error complaining of admission of testimony is defective when it misquotes such testimony.

Argued Oct. 28, 1913.  Appeal, No. 175, Oct. T., 1913, by defendant, from judgment of C. P. Allegheny Co., Fourth T., 1909, No. 704, on verdict for plaintiff in case of Margaret M. Coons, for use of Emma V. McFarland, now for use of Charles W. Warren, v. The Borough of McKees Rocks.  Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ.  Affirmed.

Appeal from report of viewers.  Before EVANS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,000; a remittitur for $1,000 was filed, and judgment was entered on the verdict, as reduced.  Defendant appealed.

*Errors assigned,* among others, were various assignments referred to in the Supreme Court.

*R. S. Martin,* with him *Edward F. Duffy,* for appellant.

*R. B. Petty, Jr.,* of *Petty & Sons,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 5, 1914:

In January, 1903, the Pittsburgh Railroad Company leased to J. N. Coons for the term of twenty years, com-

mencing April 1, 1903, a certain piece of ground, with the improvements thereon, in the defendant borough, at a rental of $90 per month; the lease stipulated that the "tenant shall not have the right to move any of the buildings now or hereafter placed on said lot." The improvements consisted of some frame buildings, and subsequently a double brick building was erected, presumably by the tenant. In December, 1903, J. N. Coons and wife executed an assignment of the lease to Samuel E. Coons, who forthwith reassigned it to Margaret M. Coons. In 1907 the defendant borough raised the grade of Chartiers avenue in front of the property in question about five feet; this had the effect of placing the two frame houses and the large double brick structure, which were at grade and stood out flush with the building line of the street, below the new level to that extent. In February, 1909, Margaret M. Coons and husband executed two assignments to Emma V. McFarland, one covering the leasehold and the other their claim for damages arising out of the change of grade. In April, 1909, on petition of Emma V. McFarland, viewers were appointed to assess the damages resulting to the leasehold, and she was awarded $1,750, for which judgment was entered in September, 1909. The borough appealed to the Common Pleas. In July, 1909, Emma V. McFarland died leaving a will in which, after making several specific bequests, she devised the remainder of her property to her husband, Thomas W. McFarland, and appointed him executor; but the testatrix made no special mention of her claim for damages against the defendant. In December, 1909, an agreement was filed of record in the court below signed by the solicitor for the borough and the attorney for "Margaret M. Coons for the use of Thomas W. McFarland, executor of Emma V. McFarland, deceased," in which it was stipulated that the case should be proceeded with and tried on its merits upon the issue "whether or not the leasehold property......
was damaged......by the change of grade......and if

......damaged, to what amount." In November, 1911, Thomas W. McFarland, personally and as executor, executed two assignments whereby he transferred to Charles W. Warren (the use plaintiff) the leasehold and claim for damages. The record in the court below was amended, first, by the suggestion of the death of Emma V. McFarland, and the substitution of her executor, Thomas W. McFarland, next, by the substitution of Thomas W. Warren as use plaintiff, and, finally, by permitting the damages averred in the statement to be increased from $2,500 to $4,000. At the trial of the appeal, which occurred in February, 1913, the jury rendered a verdict in favor of the plaintiff for $5,000, which the trial judge reduced to $4,000, and the plaintiff accepted that amount by a stipulation filed of record. Judgment was entered upon the verdict and the defendant has appealed to this court.

The first and third assignments complain of the admission of evidence relative to the necessity for and the proper cost of raising the buildings on Chartiers avenue to conform to the new grade. In Dawson v. Pittsburgh, 159 Pa. 317, we held that testimony of this character was admissible in a change of grade proceeding, and that the probable cost or expense of raising a house might be considered; not, of course, as a separate item of damage or as an independent fact for the jury, but as an element bearing on and affecting the market value. Chambers v. South Chester Boro., 140 Pa. 510, relied upon by the appellant, is explained and distinguished in Dawson v. Pittsburgh, supra, upon two grounds, (1) In that case the cost of raising the building was sought to be introduced as a separate item of damage, and (2) The lot never had been on a level with the original grade of the street; Edsall v. Jersey Shore Boro., 220 Pa. 591, may also be distinguished upon the latter ground. In Patton v. Philadelphia, 175 Pa. 88, evidence as to cost of restoring a property to its former condition by making a fill was permitted, this court stating by Mr. Justice

Mitchell, "Where a street is opened at a grade which leaves the adjoining property in a depression, the expense of putting the property in condition to make use of the street was held in Dawson v. Pittsburgh to be one of the elements of damage......the offers of evidence, therefore, as to the amount and the cost of the filling required to make the lot conform or to be available for use at the new grade were competent and should have been admitted, not as independent items of damage, but as elements to be taken into consideration by the jury with other circumstances, in determining the market value of the property before and after taking a part of it for the street." Also see, Shaffer v. Reynoldsville Boro., 44 Pa. Superior Ct. 1, and Hill v. Oakmont Boro., 47 Pa. Superior Ct. 261. In the case at bar the trial judge explained the law as ruled in these authorities, and made it plain not only at the time he admitted the testimony but by numerous reiterations in his charge, that the jury could not under any circumstances award the plaintiff the cost of raising the buildings, and that they were not to consider the proper expense of so doing as a separate item of damage, but that the measure of damage was "the difference between the market value of this property as it stood before the change of grade and the market value immediately after the grade was changed, considering the damage that was done...... and any special benefits that accrued to this property by reason of the change of grade"; he went further, and pointed out that the elevation of the buildings would not only be a benefit to the leasehold but to the freehold as well, and that the jury were not concerned with the damages to the latter estate,—that what they had to consider and must "keep in mind all the time" was the effect of the change of grade upon the "market value of the leasehold." As the case was tried and presented to the jury, we do not conceive that there could have been any misunderstanding concerning the limited application to be given this testimony, and we feel that the

court below was justified, under the cases we have cited, in its rulings in regard thereto. It is true that these authorities deal with damages to freehold estates, while the case in hand concerns a leasehold, but where, as here, the term has sixteen years to run and the improvements cannot be removed at the end thereof, the cost of making the buildings conform to the new grade, so that they may continue the productive value of the term, would most certainly affect the market value of the lease; hence, the evidence was as relevant as though the effect upon the value of the freehold was the question at issue.

Before taking up the next specification of error, we stop to note that the first assignment is defective in that it does not give a true abstract of the testimony. The record shows the witness in question testified that he had spent $235 to raise the frame buildings, while the assignment states the sum as $2,350, and this in itself is sufficient cause for dismissing the specification without further comment; but while upon this subject it may be well to notice that although this witness gave the amount actually spent for raising the buildings, instead of the reasonable cost therefor, yet, no substantial harm was done by this testimony, for later in the trial the defendant proved the same fact by the man to whom the money was paid, and had him testify on direct examination, that the amount was a reasonable charge and the work was worth what he had received for it. The testimony covered by the third assignment did not relate to money actually spent, but covered the reasonable and probable cost of raising the double brick building.

The second assignment complains of certain testimony regarding the value of the leasehold, which was objected to on the ground that the competency of the witness to express an opinion upon the subject had not been sufficiently shown. But, since this assignment is not discussed in the appellants printed argument, we assume that it is not insisted upon. We have, however, read the testimony and are not convinced of reversible

error in permitting the witness to state his estimate; he was a former owner of the leasehold and had a general familiarity with values in the neighborhood; moreover, subsequent to his examination evidence consistent with his and sufficient to sustain the verdict was given by several real estate men who knew the value of land and leases in the locality, and neither their competency nor the testimony given by them is attacked in any assignment of error.

The fourth specification complains of the admission in evidence of the written assignment of the claim for damages to Emma V. McFarland, and the fifth covers the admission of her will. It is sufficient to say that these documents seem to have been offered simply as parts of a line of proof to explain the title of the use plaintiff, and they could have done the defendant no harm. We have more than once recognized the right to assign claims of this character: Reese v. Adams, 16 S. & R. 40; McFadden v. Johnson, 72 Pa. 335; Warrell v. Wheeling, Etc., R. R. Co., 130 Pa. 600; and since, in the agreement of December, 1909, supra, filed of record in the court below, the defendant practically acknowledged the present claim as a subsisting right in the hands of the use plaintiff's immediate assignor, and agreed that the issue to be tried should be limited to the question of damages to the leasehold and the amount thereof, the appellant is hardly in a position to insist upon this assignment. The case relied upon by the defendant, Losch's App., 109 Pa. 72, has no application here.

The sixth assignment complains because the court below permitted an increase in the amount of damages averred in the statement of claim; this represented no departure from the original cause of action, and under the facts at bar it was within the power of the court to allow the amendment: Miller v. Weeks, 22 Pa. 89. Since the original award had been appealed by the defendant at the time of the death of Emma V. McFarland, the only thing that could have passed under her will and

the subsequent assignments was the right to recover whatever the actual damage might be, and as that was the issue stipulated in the agreement of December, 1909, supra, for trial in the Common Pleas, the use plaintiff was privileged to perfect the record so that he might be in a position to prove such damage as he conceived the leasehold had actually suffered; therefore, no error was committed by the ruling in question.

The seventh assignment complains that the court below permitted the verdict to stand upon condition that a remittitur for $1,000 be filed of record. This also was within the power of the trial court, and we discover no error in the order.

The eighth, ninth and tenth specifications complain of certain portions of the charge which deal with the testimony relative to raising the buildings and in regard to the rentals of the property before and after the change of grade. In disposing of the first and third assignments, we have already sufficiently discussed the trial judge's treatment of the subject of the cost of raising the building. In reference to the testimony concerning the rentals, he charged to this effect: "That evidence is not the basis of the damages, if there are any damages in this case, that evidence is simply offered to assist you in arriving at the question which is at issue here, and that is, the value of this leasehold in 1907, immediately before this improvement was made and the value of that leasehold immediately after the improvement of the street, as it was affected, either benefited or damaged, or both, by the change of grade of the street"; these instructions are free from error, and we are not convinced of the irrelevancy of the testimony referred to; but, however that may be, no specification complains of its admission. While the evidence showed no immediate reduction in the rents, owing, no doubt, to the fact that the two frame houses had been raised to the new level by the plaintiff, or his predecessors, and the large brick building was occupied under unexpired leases, yet, that

did not render at all improbable the testimony of the experts to the effect that the rental value had been and would continue greatly reduced so long as the buildings remained in the condition in which they were left by the change of grade.

The assignments are all overruled and the judgment is affirmed.