## Akers *v.* Philadelphia, Appellant.

*Road law—Municipalities—Change of grade—Tenant—Evidence.*

In a proceeding by the tenant of a small store and newsstand against a city, to recover damages for injuries alleged to have been sustained by reason of the change of grade of the street on which the stand was situated, the plaintiff cannot recover where he makes out nothing more than temporary loss of profits due to the obstruction of the building while the regrading was going on. In such a case the damages are measured according to the market value, for any useful purpose, of the balance of the term at the completion of the improvement; that is it is the difference of the value of the property before the injury and as affected by the completed improvement.

The tenant will not be permitted to show as an independent element of damage, the cost of adjusting the demised premises to the new grade.

Argued Nov. 24, 1915.    Appeal, No. 209, Oct. T., 1915, by defendant, from judgment of C. P. No. 4, Philadelphia Co., March T., 1907, No. 4961, on verdict for plaintiff in case of Thomas Akers v. City of Philadelphia. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.    Reversed.

Appeal from award of jurors.    Before CARR, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $415.    Defendant appealed.

*Errors assigned* were the admission of certain evidence quoted in the opinion of the Superior Court, and in refusing binding instructions for defendant.

*Glenn C. Mead,* with him *Edwin O. Lewis,* Assistant City Solicitors, and *Michael J. Ryan,* City Solicitor, for appellant.—Injury to some interest in real property is the necessary basis of claim in a road case.

Items of damage asserted by the present plaintiff can be considered only as an aid in valuing a leasehold or other interest in real estate: Huston v. Springer, 2 Rawle 96; Ardesco Oil Co. v. Richardson, 63 Pa. 162.

*Walter T. Fahy* and *Thomas A. Fahy,* for appellee, cited: Shaw v. Philadelphia, 169 Pa. 506; Penna. R. R. Co. v. Eby, 107 Pa. 166.

OPINION BY ORLADY, P. J., July 18, 1916:

The City of Philadelphia, in making an extensive improvement to abolish railroad grade crossings, changed the street grade of Columbia avenue, at a place where the plaintiff conducted a small store and newsstand, at intersecting streets. He held the premises under a year to year lease, and by its terms was obliged to make repairs and alterations.

To enable the contractors to do the work, the news stand was removed by them, and after several months, was restored to its former location. The changed conditions of the street grade made it unsatisfactory to the plaintiff, and he expended $415.00 in readjusting the building, fixtures, etc., which amount he recovered in this action. No claim was made for injury to the leasehold interest, and by a release offered in evidence it appeared that the owners of the demised premises had been paid for all damage done to the premises by the railroad and city, by reason of the change of grade.

The claim of the plaintiff is defined as follows: "We are only claiming for the actual cost of the restoring. The stand is an article belonging to him, and he had to pay to restore it. We are asking for the expense he was occasioned by reason of putting in a new floor, which was destroyed by reason of the change of grade, and also the awning, the stand, floor, the painting and finishing it up, and electricity, not for the stock and fixtures." On inquiry by the court, "Now you are claiming for damage done the leasehold interest, counsel replied, as follows:

"Certainly, we are claiming for a depreciation in the market value of the leasehold after these repairs were completed by reason of the change of grade. It was only for the damage occasioned, and the inconvenience to the leasehold interest, and this man as lessee, during the actual work of the change of grade."

During the cross-examination of the plaintiff, he testified as follows: Q.—Is it not a fact that in your opinion the value of the leasehold all during the changes ......? A.—The business was not as good during the alteration of the grade as it was before and after. Q.—That was only a short time? A.—Yes. Q.—I'm talking about the value of the lease, as lessee in this lease you have certain rights under it? A.—Yes. Q.—These rights were just as valuable to you after these changes as they were before? Q.—Yes.

The measure of damages, and the testimony necessary to support such a claim have been so recently reviewed by the Supreme Court, that it is not necessary to repeat them in this opinion.

In Coons v. McKees Rocks Borough, 243 Pa. 340, and in Iron City Automobile Co. v. City of Pittsburgh (filed May 1, 1916), and not yet reported, the subject is thoroughly reviewed by Judge MOSCHZISKER and the rule declared as follows: "To sum up the authorities already cited lay down, or indicate the following general rule: The measure of damages is the same whether the plaintiff be a tenant for years, or an owner in fee, and this is the difference in the value of the property before the injury and as affected by the completed improvement; thus in the case of a tenant, the damages are measured according to the market value, for any useful purpose, of the balance of the term, at the completion of the improvement."

In this, as in the latter case, the testimony offered by the plaintiff, did not tend to prove a permanent diminution of the market of the leasehold, or even to show an apparent permanent falling off of custom due to the completion of the improvement; on the contrary, at most,

it only made out a temporary loss of profits, due to the obstruction of the demised building while the regrading was going on.   These authorities were not before the court below when the cause was tried, and under them the fifth assignment of error—the refusal of the court to give binding instructions to find for the defendant— must be sustained, and the judgment is reversed and a venire facias de novo is awarded.