680 A.2d 873

**Robert L. LUCAS and Penny L. Lucas, Appellants,**

v.

**PROGRESSIVE CASUALTY INSURANCE
COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued March 21, 1996.

Filed June 19, 1996.

Reargument Denied Aug. 30, 1996.

493

David C. Mason, Philipsburg, for appellants.

Jered L. Hock, Harrisburg, for appellee.

Before POPOVICH, SAYLOR and EAKIN, JJ.

POPOVICH, Judge.

This is an appeal from the entry of summary judgment in favor of appellee, Progressive Casualty Insurance Company, by the Court of Common Pleas of Centre County on April 11, 1995. Herein, appellants argue that the lower court erred when it based its decision solely upon 75 Pa.C.S.A. § 1791, rather than reading § 1791 in *pari materia* with 75 Pa.C.S.A.

§ 1731. Appellants also submit that the court erred in granting summary judgment in favor of appellee since they did not sign valid rejection of underinsured and uninsured motorists protection forms in accordance with 75 Pa.C.S.A. § 1731. Upon review, we are constrained to reverse the decision of the court below and remand for entry of judgment in favor of appellants.

In *Grant v. GAF Corp.*, 415 Pa.Super. 137, 148–49, 608 A.2d 1047, 1053 (1992), *affirmed*, 536 Pa. 429, 639 A.2d 1170 (1994), we reiterated those standards to be applied when reviewing an entry of summary judgment and stated:

> When reviewing the grant of summary judgment, this court will reverse only if there has been an error of law or an abuse of discretion. *Jones v. Keystone Ins. Co.*, 364 Pa.Super. 318, 528 A.2d 177 (1987), *alloc. denied*, 518 Pa. 613, 540 A.2d 535 (1988). Where the pleadings, depositions, answers to interrogatories and admissions filed show no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. *Hedlund Manuf. Co. v. Weiser, Stapler & Spivak*, 517 Pa. 522, 539 A.2d 357 (1988).

See also, Pa.R.C.P. 1035; *Mutual Benefit Insurance Co. v. Goschenhoppen Mutual Insurance Co.*, 392 Pa.Super. 363, 572 A.2d 1275 (1990).

Presently, the record reveals the following relevant history and facts of this case, as set forth in the opinion of the lower court:

> [Appellee] is an insurance carrier which issued to [appellants] a Pennsylvania Motor Vehicle Insurance policy after the passage of the July 1990 Amendments to the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. Section 1701 et se. In the course of applying for insurance, [appellants] executed an application which indicated they wished "0" Underinsurance Motorist ("UIM") protection. Before the accident in question, [Appellants] received copies of declarations for the Progressive Insurance coverage, which declarations indicated "rejected" for UIM coverage. A

licensed insurance producer, Andrew Cipar, testified in his deposition that at the time of the [appellant's] execution of the UIM rejection on April 5, 1991, he explained to the [appellants] the significance of the rejection form before [appellants] applied for the insurance in question. Progressive submitted to the Pennsylvania Insurance Department a form of rejection of underinsured motorist protection, which was approved by the insurance department effective July 1, 1990. These above facts are not in dispute.[1]

Therefore, the issue before this Court is whether the [appellants] are precluded from arguing they did not have actual knowledge of the coverages available to them or coverages they had chosen since their signatures on [75 Pa.C.S.A. § 1791] "Important Notice" created a conclusive presumption of their actual knowledge and understanding of the availability of those benefits. We find that the fact that [appellants'] signatures are valid on the [75 Pa.C.S.A. § 1731] Rejection Form and given the circumstances surrounding the signing of the form, we conclude the signing was done voluntarily, knowingly and intelligently [sic] and the [appellants] voluntarily agreed to relinquish the UIM protection.

Trial Court Opinion, pp. 2–3 (footnote added).

■ Turning to appellants' first assertion of error, we agree that the lower court erred when it based its decision solely upon 75 Pa.C.S.A. § 1791, rather than reading § 1791 in *pari materia* with 75 Pa.C.S.A. § 1731. Presently, the lower court concluded that since Progressive provided appellants with the "Important Notice" required by § 1791 of the MVFRL, there was a conclusive presumption that appellants waived their uninsured and underinsured motorist coverage. *See general-*

1. We note that the form of rejection of underinsurance motorists coverage submitted by appellee to the Pennsylvania Department of Insurance was not the same form actually signed by appellants. The *forms* for rejection of underinsured motorists protection and uninsured motorists protection which were approved by the Insurance Department were printed on *separate sheets* of paper, while the *form* signed by appellants provided for the rejection of underinsured and uninsured protection on the same piece of paper.

ly, *Tukovits v. Prudential,* 448 Pa.Super. 540, 546–48, 672 A.2d 786, 789 (1996); *Motorists Ins. Co. v. Emig,* 444 Pa.Super. 524, 527–31, 664 A.2d 559, 561–562 (1995); *Insurance Co. of the State of Pennsylvania v. Miller,* 426 Pa.Super. 519, 521–25, 627 A.2d 797, 798–799 (1993); *Botsko v. Donegal Mutual Ins. Co.,* 423 Pa.Super. 41, 45, 620 A.2d 30, 32, *appeal denied,* 536 Pa. 624, 637 A.2d 284 (1993); *Lambert v. McClure,* 407 Pa.Super. 257, 263 n. 4, 595 A.2d 629, 632 n. 4 (1991). However, we find that the conclusive presumption of § 1791 with respect to any rejection of uninsured and underinsured motorists coverage does not apply here since the record reveals that Progressive failed to comply with the mandates of § 1731 of the MVFRL.

Recently, in the case of *Motorists Ins. Cos. v. Emig, supra,* we were presented with a situation very similar to that before us. Therein, we held that the conclusive presumption raised by strict compliance with § 1791 that a person knows the level of his or her underinsured and uninsured motorists coverage could not be applied because "the record [did] not evidence a prerequisite compliance with Section 1734." *Emig,* 664 A.2d at 562. This court concluded that compliance with § 1791 of the Motor Vehicle Financial Responsibility Law does not operate as a "blanket or catch-all waiver" which superseded all other statutory requirements of the MVFRL. Rather, § 1791 must be read in *pari materia* with the other waiver provisions of the MVFRL. *Emig,* 664 A.2d at 566–569. Thus, "the conclusive presumption of § 1791 is not triggered *unless and until* the statutory mandate of [the applicable waiver provision] has first been fulfilled." *Emig,* 664 A.2d at 569–570.

In the present action, it is not the waiver provision of § 1734 which appellants argue was not followed, but rather the waiver provisions of § 1731. Nevertheless, we find that the reasoning of *Emig, supra,* is controlling. Accordingly, we find that the lower court erred when it failed to determine whether Progressive complied with the requirements of § 1731 of the MVFRL before applying the conclusive presumption of § 1791.

Turning to the question of whether Progressive properly obtained appellants' rejection of underinsured motorists coverage, we must first review § 1731 of the MVFRL which, in pertinent part, provides:

(b) **Uninsured motorist coverage.–** Uninsured motorist coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of uninsured motor vehicles. The named insured shall be informed that he may reject uninsured motorist coverage by signing the following written rejection form:

## REJECTION OF UNINSURED MOTORIST PROTECTION

By signing this waiver I am rejecting uninsured motorist coverage under this policy, for myself and all relatives residing in my household. Uninsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have any insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage.

. . . . .

Signature of First Named Insured

. . . . .

Date

(c) **Underinsured motorist coverage.–** Underinsured motorist coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of underinsured motor vehicles. The named insured shall be informed that he may reject underinsured motorist coverage by signing the following written rejection form:

## REJECTION OF UNDERINSURED MOTORIST PROTECTION

By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage.

. . . . .

Signature of First Named Insured

. . . . .

Date

(c.1) **Form of waiver.**– *Insurers shall print the rejections forms required by subsections (b) and (c) on separate sheets in prominent type and location.* The forms must be signed by the first named insured and dated to be valid. The signatures on the forms may be witnessed by an insurance agent or broker. *Any rejection form that does not specifically comply with this subsection is void. If the insurer fails to produce a valid rejection form, uninsured or underinsured coverage, or both, as the case may be, under the policy shall be equal to the bodily injury liability limits.* On policies in which either uninsured or underinsured coverage has been rejected, the policy renewals must contain notice in prominent type that the policy does not provide protection against damages caused by uninsured or underinsured motorist. Any person who executes a waiver under subsection (b) or (c) shall be precluded from claiming liability of any person based upon inadequate information. (Emphasis added.)

■ Presently, it is undisputed that appellants signed rejections of uninsured and underinsured motorist protection which contained the language required by § 1731(b) and (c). Further, it is undisputed that these rejections were printed on the *same* sheet of paper. Thus, the waiver forms provided by

Progressive failed to comply with § 1731(c.1) which require the rejections to be printed on separate sheets of paper. As provided by § 1731(c.1), "[a]ny rejection form that does not *specifically* comply with this subsection *is void.*" (Emphasis added)

The consequence of Progressive's failure to provide valid rejection forms, though severe in the present case where it is clear from the record that appellants knowingly waived their underinsured coverage, is expressly mandated by § 1731(c.1) which provides: "If the insurer fails to produce a valid rejection form, uninsured or underinsured coverage, or both, as the case may be, under the policy shall be equal to the bodily injury liability limits." Accordingly, appellants are entitled to underinsurance coverage equal to their bodily injury liability limits. *Cf., Emig*, 664 A.2d at 568 ("As noted elsewhere in this opinion, we are required to construe the provisions of the MVFRL liberally in order to afford [the insured] the greatest possible coverage.") (collecting cases).

In sum, we find that the lower court erred when it applied the conclusive presumption of § 1791 of the MVFRL without first determining whether Progressive had complied with § 1731 of the MVFRL. Further, since Progressive failed to comply with § 1731, by statute, the insurer is required to provide appellants with underinsured (and uninsured) coverage equal to their bodily injury liability limits. Therefore, we are constrained to find that the lower court committed an error of law in granting summary judgment in favor of Progressive, when, by operation of law, appellants are entitled to underinsured motorist coverage. Accordingly, we remand for entry of judgment in favor of appellants.

Summary Judgment reversed. Case remanded for further proceedings in accordance with this opinion. Jurisdiction relinquished.