Deborah **WINSLOW–QUATTLEBAUM**, Appellant,

v.

**MARYLAND CASUALTY COMPANY and Zurich Personal Insurance**, Appellees.

Superior Court of Pennsylvania.

Submitted Oct. 26, 1998.
Filed Dec. 14, 1998.
Reargument Denied Feb. 18, 1999.

Martin Stanshine, Philadelphia, for appellant.

Michael T. Farrell, Philadelphia, for appellees.

Before CAVANAUGH, LALLY-GREEN and HESTER, JJ.

HESTER, Judge:

Deborah Winslow–Quattlebaum appeals the March 31, 1998 order granting summary judgment in this action to Maryland Casualty Company ("Maryland") and Zurich Personal Insurance ("Zurich"), Appellees. We reverse.

The pertinent facts are not in dispute. Appellant instituted this declaratory judgment action on May 1, 1997, asking the court to declare her eligible to receive underinsured motorist benefits under the terms of an automobile insurance policy issued by Zurich, as successor in interest to Maryland. Appellant alleged the following. She purchased motor vehicle liability insurance through the Pennsylvania Assigned Risk Plan on July 25, 1994, and the policy was assigned to Maryland. This policy was in effect when Appellant was injured in an automobile accident that was caused by the negligence of another motorist. That motorist's liability coverage of $15,000, which Appellant

received, was not sufficient to compensate her for her injuries. Appellee had denied coverage on the grounds that Appellant had signed the following underinsured motorist coverage rejection:

**PENNSYLVANIA ASSIGNED RISK PLAN [*]**

**ATTACH TO APPLICATION OR POLICY CHANGE REQUEST FORM**

**REJECTION OF UNDERINSURED MOTORIST PROTECTION [*]**

A. By signing the waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for losses and damages. I knowingly and voluntarily reject this coverage.

/s/_____
Signature of First Named Insured
Deborah A. Winslow_____
Print                              Name

_____
Policy    Number    (if    known)
Date: 7-25-94_____

**REJECTION OF STACKED UNDERINSURED COVERAGE LIMITS [*]**

B. By signing this waiver, I am rejecting stacked limits of underinsured motorist coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage.

/s/_____
Signature of First Named Insured
Deborah A. Winslow_____
Print                              Name

Policy    Number    (if    known)
Date: 7–25–94

[* This provision was highlighted]

Exhibit A to Complaint at 1.

■ Appellant alleged that she was entitled to underinsured motorist coverage since the rejection of underinsured motorist protection was not on a piece of paper that was separate from her rejection of stacked underinsurance coverage limits. She maintained that this lack of separation rendered her rejection of underinsured benefits coverage void under 75 Pa.C.S.A. § 1731(c.1).

Following a submission of stipulated facts and cross-motions for summary judgment, the trial court ruled in favor of Appellees. This appeal followed.

Initially, we note:

When reviewing the grant of summary judgment, this court will reverse only if there has been an error of law or an abuse of discretion. Where the pleadings, depositions, answers to interrogatories and admissions filed show no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

*Lucas v. Progressive Casualty Insurance Co.*, 451 Pa.Super. 492, 680 A.2d 873, 874 (Pa.Super.1996) (citations omitted). As the facts are not disputed and a question of law is involved, this case appropriately was decided by means of summary judgment.

75 Pa.C.S.A. § 1731 reads in relevant part as follows (emphases added):

**(b) Uninsured motorist coverage.—** Uninsured motorist coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of uninsured motor vehicles. The named insured shall be informed that he may reject uninsured motorist coverage by signing the following written rejection form:

REJECTION OF UNINSURED
MOTORIST PROTECTION

By signing this waiver I am rejecting uninsured motorist coverage under this policy, for myself and all relatives residing in my household. Uninsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have any insurance to pay for losses and damages. I knowingly and voluntarily reject this coverage.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Signature of First Named Insured

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Date

. . . .

**(c) Underinsured motorist coverage.—** Underinsured motorist coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of underinsured motor vehicles. The named insured shall be informed that he may reject underinsured motorist coverage by signing the following written rejection form:

REJECTION OF UNDERINSURED
MOTORIST PROTECTION

By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Signature of First Named Insured

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Date

**(c.1) Form of waiver.—***Insurers shall print the rejection forms required by subsections (b) and (c) on separate sheets in prominent type and location.* The forms must be signed by the first named insured and dated to be valid. The signatures on the forms may be witnessed by an insurance agent or broker. *Any rejection form that does not specifically comply with this section is void.* If the insurer fails to produce a valid rejection form, uninsured

or underinsured coverage, or both, as the case may be, under that policy shall be equal to the bodily injury liability limits. On policies in which either uninsured or underinsured coverage has been rejected, the policy renewals must contain notice in prominent type that the policy does not provide protection against damages caused by uninsured or underinsured motorists. Any person who executes a waiver under subsection (b) or (c) shall be precluded from claiming liability of any person based upon inadequate information.

The statute clearly mandates that rejection of uninsured motorist coverage and underinsured motorist coverage be *on a separate sheet, Lucas, supra.* The statute expressly states that a rejection form that does not *specifically* comply with its mandates is void. Herein, it is not disputed that the rejection of underinsured motorist benefits was not on a separate piece of paper. Instead, it had other rejection language on it. If there is other language on a piece of paper, we simply cannot see how the document could comply specifically with the statutory language requiring the rejection to be on a separate sheet.

The legislature obviously intended that an insured consider separately the weighty decision of whether to reject underinsured motorist coverage. The importance of the rejection is undermined when the paper contains other information and certainly, other rejection language.

■ We are aware of federal district court case law, relied upon by Appellees, to the contrary. *Estate of Franks v. Allstate Insurance Co.,* 895 F.Supp. 77 (M.D.Pa.1995); *see also Nationwide Mutual Insurance Co. v. Monteith,* 1997 WL 87280 (E.D.Pa.1997). Nonetheless, a federal court's interpretation of state law does not bind state courts; instead, state courts are the principal interpreters of state law. *Martin v. Hale Products, Inc.,* 699 A.2d 1283 (Pa.Super.1997).

We also are aware of the recent Pennsylvania Supreme Court decision addressing the issue of remedies available under the Motor Vehicle Financial Responsibility Law ("MVFRL"). In *Donnelly v. Bauer,* 720 A.2d 447 (Pa. 1998), appellants sought to invalidate their selection of limited tort cov-

erage under their insurance policies based upon the insurer's failure to comply with the notice requirements imposed under § 1705 of the MVFRL. *Id.* at 449. Although the Court found in favor of appellants, it denied appellants any remedy because § 1705 is silent on the issue. *Id.* at 454.

In the case before this court, we are presented with a situation similar to that addressed in *Donnelly.* Appellant asserts that she is entitled to underinsured motorist protection because her insurer failed to comply with the § 1731 form of notice requirements. Unlike the situation in *Donnelly,* however, § 1731(c.1) expressly provides that a rejection form that fails to comply with the requirements is void and entitles the insured to underinsured coverage equal to the bodily injury liability limits under the policy. Therefore, our decision is consistent with *Donnelly.*

Order reversed. Case remanded. Jurisdiction relinquished.