## Friel v. Prudential Property and Casualty Insurance Co.

C.P. of Bucks County, no. 97-04945.

*Fred J. Silverman,* for plaintiffs.
*Daniel G. Ronca,* for for defendant.

BIESTER JR., *J.,* July 28, 1999—This matter comes before us upon the petition of John F. Friel and Colleen A. Friel to modify an arbitration award of June 24, 1997 in favor of petitioners. Petitioners argue that the arbitrators improperly determined that petitioners' underinsured coverage under their automobile insurance policy should not be stacked. Petitioners seek a modification of the arbitration award from $96,000 to $192,000 in favor of

John Friel and from $4,000 to $8,000 in favor of Colleen Friel.

We first address whether we have jurisdiction to determine this matter. A court may disturb or modify the decision of a common-law arbitration panel when a party challenges a particular clause of the insurance policy as "being contrary to a constitutional, *legislative,* or administrative mandate *or* against public policy, or unconscionable." *Schultz v. Aetna Casualty and Surety Company,* 443 Pa. Super. 659, 663, 663 A.2d 166, 168 (1995) (quoting *Webb v. United Services Automobile Association,* 227 Pa. Super. 508, 516, 323 A.2d 737, 741 (1974). (emphasis added) In this instance, the crux of petitioners' argument is that the provision within the insurance policy regarding waiver of stacking underinsured coverage limits is contrary to the mandates of 75 Pa.C.S. §1738(e). We find, therefore, that we have jurisdiction to determine this matter and turn to the issue of whether the provision violates the statute.

75 Pa.C.S. §1738(d)(2) provides:

"(2) The named insured shall be informed that he may exercise the waiver of the stacked limits of underinsured motorist coverage by signing the following written rejection form:

"Underinsured Coverage Limits

"By signing this waiver, I am rejecting stacked limits of underinsured motorist coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead, the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I un-

derstand that my premiums will be reduced if I reject this coverage.

"_____

"Sign" 75 Pa.C.S. §1738(d)(2) (1996).

The remedy for violation of section 1738(d)(2) is found in section 1738(e):

"(e) Signature and date.—The forms described in subsection (d) must be signed by the first name insured and dated to be valid. *Any rejection form that does not comply with this section is void.*" 75 Pa.C.S. §1738(e) (1996). (emphasis added)

Respondent complied with section 1738(d)(2), with one exception. Instead of titling its provision *"Underinsured Coverage Limits"* as required by the statute, respondent titled this provision of the policy *"Rejection of stacked underinsured coverage limits."*

We find that the addition of words by respondent to the heading of the provision addressing stacking of underinsured coverage limits to be potentially confusing to the insured. The heading used by respondent could be misread by one inexperienced and untutored in this area. The spirit of our appellate court cases requires a brittle and strict adherence to the legislative requirements regarding underinsured and uninsured coverage provisions. In *Winslow-Quattlebaum v. Maryland Casualty Company,* 723 A.2d 681 (Pa. Super. 1999), the appellant brought an action seeking a declaratory judgment that she was entitled to underinsured motorist benefits under her automobile insurance policy. Appellant's automobile insurance company denied appellant such coverage on the basis that appellant had signed a waiver of underinsured motorist coverage. However, the waiver did not appear on a separate sheet of paper as required under 75

Pa.C.S. §1731(c.1), which provides that "[i]nsurers shall print the rejection forms required by subsections (b) and (c)[1] on separate sheets in prominent type and location." The provision of the insurance policy regarding rejection of underinsured motorist benefits appeared on the same page as the provision of the policy addressing waiver of stacked underinsurance coverage limits. Our Superior Court found that "[t]he statute clearly mandates that rejection of uninsured motorist coverage and underinsured motorist coverage be *on a separate sheet*" and therefore, voided the rejection of the underinsured motorist coverage in accordance with 75 Pa.C.S. §1731(c.1). *Id.* at 684. (emphasis in original)

If failure to provide a waiver on a separate sheet of paper is sufficient to void an insurance policy provision, then using different language than that required by the statute is also sufficient to void a provision. The legislature offered a safe harbor to respondent. One wonders why respondent declined to utilize it. 75 Pa.C.S. §1738(e) is clear. Failure to use the exact wording as required by 75 Pa.C.S. §1738(d)(2) renders the provision void.

Based on the foregoing reasons, we enter the following order:

## ORDER

And now, July 28, 1999, it is hereby ordered and decreed that petitioners' petition is granted. The arbitration award of June 24, 1997 is modified as follows: Plaintiff John F. Friel is awarded $192,000 and plaintiff Colleen A. Friel is awarded $8,000.

---

1. Subsection (b) addresses rejection of uninsured motorist coverage. Subsection (c) concerns rejection of underinsured motorist protection.