# Northwestern National Casualty
# Company v. Robson

C.P. of Westmoreland County, no. 537 of 1999.

*Dale S. Douglas,* for plaintiff.
*Lawrence D. Kerr,* for defendant.

ACKERMAN, *J.,* October 1, 1999—Before the court are cross-motions for summary judgment. The issue raised by these motions is whether or not the stacking of underinsured motorists' benefits should be permitted where the insured's waiver of UIM benefits is void because of the insurer's noncompliance with the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1731(c.1). For the reasons that follow, I conclude that stacking is permitted when a UIM waiver is void, and summary judgment will be entered in favor of the insured.

Thomas W. Robson purchased the insurance policy in question, which covered three vehicles. The policy provided third-party liability coverage up to $75,000 for each vehicle. The agent for Northwestern National Casualty Company obtained Mr. Robson's signature on a form to reject both uninsured and underinsured motorist coverage, which was printed on a single sheet of paper. On November 9, 1996, Robin Lee Robson, Thomas Robson's wife, was killed in one of the insured vehicles when it was struck by another vehicle which was underinsured.

Northwestern concedes that Mr. Robson's waiver of UIM coverage is defective because the statutory waivers were not printed on separate sheets of paper, as is required by section 1731(c. 1) of the MVFRL. Northwestern has provided UIM coverage to Mr. Robson in the amount of $75,000, which equals the bodily injury liability limits under the policy. Mr. Robson then sought stacked insurance coverage as a result of the defective waiver, but Northwestern refused to stack coverage for the remaining two vehicles. Subsequently, Northwestern filed this declaratory judgment action against Mr. Robson.

Section 1731(c.1) of the MVFRL requires the rejection or waiver forms for uninsured and underinsured motorist coverage to be printed on separate sheets of paper. 75 Pa.C.S. §1731(c.1). The statute provides that rejection forms not specifically complying with the technical requirements of section 1731(c.1) are void. The consequence of an insurer's failure to procure a valid rejection of coverage is that the UIM coverage under the policy "shall be equal to the bodily injury liability limits." 75 Pa.C.S. §1731(c.1). In *Lucas v. Progressive Casualty Insurance Co.,* 451 Pa. Super. 492, 680 A.2d 873 (1996), the Superior Court of Pennsylvania analyzed the effect of an insurer's noncompliance with section 1731(c.1) requiring the rejection forms to be on separate sheets of paper (*Lucas* violation), and held that in the presence of such a violation, the insureds were entitled, by operation of law, to underinsured motorist coverage equal to their bodily injury liability limits. *Id.* at 499, 680 A.2d at 877. In the instant case, the rejections of UM/UIM coverage were contained on a single sheet of paper. Northwestern does not dispute that the waiver was void due to the *Lucas* violation. However, Northwestern

contends that the complete remedy for such a violation is set forth in section 1731(c.1) of the MVFRL because UIM coverage is limited to the bodily injury liability limits.

The issue in the instant case is whether the insured may stack underinsured motorist coverage for the remaining two vehicles under the policy when a *Lucas* violation has occurred. The "stacking statute" of the MVFRL is found in section 1738, which provides:

"(a) Limit for each vehicle.—When more than one vehicle is insured under one or more policies providing uninsured or underinsured motorist coverage, the stated limit for uninsured or underinsured coverage shall apply separately to each vehicle so insured. The limits of coverages available under this subchapter for an insured shall be the sum of the limits for each motor vehicle as to which the injured person is an insured." 75 Pa.C.S. §1738(a).

Pennsylvania courts have not addressed the question of whether the insured can stack UIM coverage when the insured obtains such coverage by operation of law as a result of a *Lucas* violation.

The Statutory Construction Act of 1972 is a guide in the interpretation of the provisions of the MVFRL. Legislative intent may be determined by considering the following factors:

"(1) The occasion and necessity of the statute.

"(2) The circumstances under which it was enacted.

"(3) The mischief to be remedied.

"(4) The object to be obtained.

"(5) The former law, if any, including other statutes upon the same or similar subjects.

"(6) The consequences of a particular interpretation.

"(7) The contemporaneous legislative history.

"(8) Legislative and administrative interpretations of such statute." 1 Pa.C.S. §1921(c).

A court must construe the MVFRL liberally "in order to promote justice and to give effect to its objects." *Motorists Insurance Companies v. Emig,* 444 Pa. Super. 524, 538, 664 A.2d 559, 566 (1995). (citation omitted) One of the objects of the MVFRL is to afford the greatest possible coverage to the insured. *Id.* at 538, 664 A.2d at 566; see *Lucas,* 451 Pa. Super. at 499, 680 A.2d at 877. In close or doubtful cases, a court "must interpret the intent of the legislature and the language of insurance policies to favor coverage for the insured." *Motorists,* 444 Pa. Super. at 538, 664 A.2d at 566.

Sections 1731 and 1738 of the MVFRL must be read in pari materia since those sections relate to the same class of persons or things. See 1 Pa.C.S. §1932(a); see also, *Salazar v. Allstate Insurance Co.,* 549 Pa. 658, 663, 702 A.2d 1038, 1041 (1997). Further, a court is required to "heed closely to the subchapter into which the various provisions of the MVFRL are organized." *Motorists,* 444 Pa. Super. at 541, 664 A.2d at 568. Both section 1731 and section 1738 are found in subchapter "C" of the MVFRL, which is entitled "Uninsured And Underinsured Motorist Coverage." Specifically, section 1731 covers the availability, scope and amount of coverage and section 1738 involves the stacking of uninsured and underinsured benefits. Subchapter "C" contains a "comprehensive statutory scheme regulating the availability and the offering by insurers of UM/UIM coverages, the amounts which may and must be offered and the acceptance or waiver of UM/UIM coverages by insureds." *Id.* at 542, 664 A.2d at 568. Sections 1731 and 1738 of the

MVFRL serve the same purpose and relate to the same aspect of motor vehicle financial responsibility. See *Motorists,* 444 Pa. Super. at 545, 664 A.2d at 569.

As the court discussed in *Byers v. Amerisure Insurance Company,* 745 F. Supp. 1073, 1078-79 (E.D. Pa. 1990), the legislature is presumed to be familiar with the case law pertaining to the legislation at the time that it is enacted. *Id.* (citing *Wallaesa v. Wallaesa,* 174 Pa. Super. 192, 196, 100 A.2d 149, 153 (1953)). Stacking was uniformly allowed under Pennsylvania law when the MVFRL was passed. *Id.* The legislature statutorily reinforced this pro-stacking policy when it added section 1738 to the MVFRL. There is no language in section 1731, found in the same subchapter as section 1738, which precludes the stacking of UM/UIM coverage. This is in sharp contrast to section 1717 of the MVFRL, where the legislature specifically proscribes the stacking of first-party benefits. 75 Pa.C.S. §1717; see *Byers,* 745 F. Supp. at 1078. Furthermore, when subsection (c.1) was included in the 1990 amendments to the MVFRL, the legislature added a second clause to subsection (d), entitled "Limitations on recovery," yet they did not include a provision that would prohibit stacking.

After considering the liberal construction to be applied to the MVFRL, the pro-stacking policy in place when the MVFRL was enacted, the addition of section 1738 providing for stacking, the absence of language in section 1731 specifically proscribing stacking, the fact that the legislature chose not to preclude stacking in section 1731(d) concerning limitations on recovery, and the specific proscription of stacking in the MVFRL when the legislature intends stacking to be precluded, I conclude that the legislature intended to permit the stacking of UM/

UIM coverage where multiple vehicles are insured and there is a violation of section 1731(c.1). Therefore, Mr. Robson is entitled to stacked UIM coverage for the remaining two vehicles under the policy as a result of Northwestern's violation of section 1731(c.1) of the MVRFL.

## ORDER

And now, October 1, 1999, summary judgment is entered in favor of the defendant, Thomas W. Robson, and Northwestern National Casualty Company is liable to Mr. Robson for stacked underinsured motorists' benefits for the remaining two vehicles under the policy.