## Samuel Galey, for use of A. G. and J. H. Smith, Co-partners, trading as Smith Bros., *v.* W. L. Mellon, Appellant.

*Contract — Personal performance of work — Assignment of contract — Right to use contractor's name as legal plaintiff.*

Where under a contract for drilling an oil well, it appears that the work required the labor and attention of a number of men, and the personal performance of the work by the contractor was not contemplated by the parties at the time the contract was made, the contractor may assign the contract, and his assignee, after completing the work, has the right to use the contractor's name as legal plaintiff in an action to recover for the work done under the contract.

Argued Oct. 23, 1895. Appeal, No. 78, Oct. T., 1895, by defendant, from judgment of C. P. Washington Co., on verdict for plaintiffs. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on a contract for drilling an oil well. Before McILVAINE, P. J.

At the trial it appeared that on April 1, 1893, W. L. Mellon of Pittsburg contracted in writing with Samuel Galey to drill a well for oil or gas on a farm in Washington county. By the terms of the contract Galey was to furnish all tools, cables, etc., at his own expense and risk, and the fuel, labor and hauling required in completing the well, and case it dry of water. Mellon was to furnish wood, rig, casing, machinery and water, and pay 90 cents per foot for the drilling. On the same day the contract was made, Galey, in consideration of $180, made a parol assignment thereof to Smith Bros., the appellees, and Smith Bros., who were experienced contractors and drillers, did the work under the contract. Smith Bros. were not subcontractors. Defendant claimed that one of the wells drilled was defective, owing to the neglect or incapacity of Smith Bros.' superintendent, and that Galey had no right to assign the contract to Smith Bros.

Defendant's points were as follows:

1. That there is no privity of contract in this case between

the use plaintiffs and the defendant arising out of any assignment, legal or equitable, of the contract made by Galey with Mellon, and the use plaintiffs are not entitled to recover upon said contract, and the verdict of the jury must be for the defendant. *Answer:* Refused. [1]

2. If the jury find from the evidence that the use plaintiffs in this case had no assignment of the contract made by Mellon with Galey for the drilling of McCarty No. 3, but that their contract was made with Galey alone and for a less price than Galey was to receive from Mellon, then their right of action for the work done in the drilling of said well is against Galey and not against Mellon, and the verdict of the jury must be for the defendant. *Answer:* Affirmed, unless there was an assignment of the amount due Galey by Mellon for drilling this well before this suit was brought; in that case the plaintiffs would be allowed to recover the amount admitted to be due by Mellon and for which Galey gave the plaintiffs his order on Mellon. [2]

3. Even if the jury find that the contract between Mellon and Galey for the drilling of the well was assigned to Smith Bros., and that E. A. Culbertson, field superintendent, named in the contract, directed that the drilling of said well proceed after the discovery of water in what is known as the "Big Injun" sand, and that he subsequently directed that the casing be drawn from said well and the well reamed as claimed by plaintiffs, still there can be no recovery by the plaintiffs for the work done on the first well or the materials lost therein, because according to their own testimony the mode of drilling said well in respect to bailing out water and the use of casing was under the control and direction of the said Culbertson, and was one of the incidents and conditions of the contract under which the plaintiffs undertook to drill said well. *Answer:* Affirmed. If the jury further find that Culbertson or Mellon, his principal, in giving said directions, in no way violated the express agreement of Melon as found in the written contract introduced into evidence as to furnishing the necessary casing. [3]

4. That the contract made by Mellon with Galey was for the personal services of Galey in the drilling of McCarty No. 3, and was not assignable, and the fact that the use plaintiffs in

this case drilled the said well under an arrangement made by them with Galey gives them no right of action upon the Galey contract against Mellon. *Answer :* Refused. [4]

5. That under all the evidence in the case the verdict of the jury must be for the defendant. *Answer :* Refused. [5]

6. Under all the evidence in the case the use plaintiffs are not entitled to recover for the drilling of the well abandoned by them, and the verdict of the jury cannot be for a greater sum than the balance due for the well completed by them in the oil sand. *Answer :* Refused. [6]

Plaintiff's point was, among others, as follows:

If the jury believe from the evidence in the case that Smith Bros. were performing the work under the contract between Galey and Mellon, with the knowledge on Mellon's part that Smith Bros. had succeeded to the rights of Galey under said contract, and that Mellon made no objection to the said Smith Bros. continuing and completing said work, this would amount to a ratification by Mellon of the assignment by Galey to Smith Bros. of the contract in question. *Answer :* Affirmed. [7]

Verdict and judgment for plaintiffs for $3,227.68. Defendant appealed.

*Errors assigned* were above instructions, quoting them.

*J. McF. Carpenter, John W. Donnan* with him, for appellant.

Where obligations are mutual, and where the nature of them is such on one side or the other, or both sides, as to justify a fair presumption that the parties were induced to the connection by strictly personal considerations, the rule of assignability clearly cannot apply : Hilliard on Contracts, vol. 1, p. 431 ; Robson v. Drummond, 2 B. & A. 303.

*Albert S. Sprowls, J. B. Chapman* and *J. M. Braden* with him, for appellees. — The contract was assignable : Stumpf's App., 116 Pa. 38; 3 Addison on Contracts, 894; Devlin v. Mayor of New York, 63 N. Y. 8 ; Siboni v. Kirkman, 1 M. & W. 417 ; Marshall v. Broad, 1 C. R. & J. 403 ; Armstrong v. Lancaster, 5 Watts, 68 ; Jones v. Witter, 13 Mass. 304 ; Philadelphia v. Lockhardt, 73 Pa. 211 ; Ross v. Wells, 5 Pa. C. C. 430 ; Hall v. Rupley, 10 Pa. 232 ; Martin v. Schoenberger, 8

W. & S. 367; Shaw v. Turnpike Co., 2 P. & W. 454; Chapin v. Cambria Iron Co., 145 Pa. 478; Erie City Iron Works v. Barber, 118 Pa. 6; East Union Twp. v. Comrey, 100 Pa. 362; Harley v. Ins. Co., 120 Pa. 182; Com. v. Davis, 4 Phila. 95.

OPINION BY MR. JUSTICE FELL, January 6, 1896:

This action is founded upon a contract for drilling an oil well. The personal performance of the work by the legal plaintiff could not have been contemplated by the parties at the time the contract was made. The work of necessity required the labor and attention of a number of men, and it does not appear that because of his knowledge, experience or pecuniary ability, or for any other reason, Galey was especially fitted to carry it on. There is nothing of a personal nature about it, and its personal performance by him was not the inducement nor of the essence of the contract. The contract was assigned to Smith Bros., the use plaintiffs, and the work under it was done by them with the knowledge of the defendants from the beginning. The jury found that they were not subcontractors suing upon a contract as to which they had no rights. It was competent for Galey to assign to them the executory contract with all of his rights under it, or after the completion of the work to assign to them the right to receive the amount due on settlement. In either event they had the right to use his name as legal plaintiff, but in neither would their rights rise higher than his. The action was tried on the right of the legal plaintiff to recover, the doors were opened to every defense available against him, and in no aspect of the case was the defendant prejudiced because of the form of the action.

Practically the question at the trial was whether the legal plaintiff was entitled to recover on the contract, and that depended upon whether the fault which ultimately resulted in the destruction of one of the wells was chargeable to the defendant's field superintendent. The jury found that it was, and they had the aid of a charge by the learned trial judge which fully and clearly explains the facts and the law applicable to them.

The judgment is affirmed.