NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1977
_____

ALLEN L. FEINGOLD;
BARBARA QUINN,
Executrix of the Estate of Theresa Thompson, Deceased

v.

LIBERTY MUTUAL GROUP;
LIBERTY MUTUAL INSURANCE COMPANY;
LIBERTY MUTUAL FIRE INSURANCE COMPANY.;
and LIBERTY GUARD AUTOMOBILE COMPANY

BARBARA QUINN,
Appellant
_____

No. 13-1978
_____

ALLEN L. FEINGOLD;
BARBARA QUINN,
Executrix of the Estate of Theresa Thompson, Deceased

v.

LIBERTY MUTUAL GROUP;
LIBERTY MUTUAL INSURANCE COMPANY;
LIBERTY MUTUAL FIRE INSURANCE COMPANY;
and LIBERTY GUARD AUTOMOBILE COMPANY

ALLEN L. FEINGOLD,
Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 2-11-cv-05364)
District Judge: Honorable Harvey Bartle, III
_____

Submitted Under Third Circuit LAR 34.1(a)
January 17, 2014
_____

Before: AMBRO, HARDIMAN, GREENAWAY, JR., *Circuit Judges.*

(Filed: April 4, 2014)

_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Allen L. Feingold and Barbara Quinn brought an action against Liberty Mutual Group, Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, and Liberty Guard Auto Company (together "Liberty Mutual" or "Appellees") for violation of Pennsylvania's bad faith insurance statute, 42 Pa. Cons. Stat. Ann. § 8371. The District Court dismissed Feingold's claim for lack of subject matter jurisdiction and dismissed Quinn's claim pursuant to Liberty Mutual's motion for summary judgment. For the reasons discussed below, we will affirm the District Court's judgments.

## I. Factual Background

Because we write primarily for the parties who are familiar with the facts and procedural history, we recount only the essential facts.

Theresa Thompson, a New Jersey resident, sustained serious personal injuries on June 24, 1997, as a result of an automobile accident in Philadelphia. Thompson made a claim for uninsured motorists coverage under a policy issued to Thompson by Liberty Mutual Fire Insurance Company. After Liberty Mutual refused to pay the benefits, Thompson hired Feingold as her attorney to bring a claim against Liberty Mutual in Pennsylvania state court. The Court of Common Pleas of Philadelphia County granted Thompson her motion to compel arbitration. On February 4, 2003, an arbitration panel found in favor of Thompson in the amount of $90,000.

In a letter dated March 5, 2003, counsel for Liberty Mutual Insurance Company informed Feingold that it "rejects this award." (App. 66a.) Thompson thereafter became seriously ill and died in 2006. Quinn was appointed as Executrix of Thompson's estate. On June 3, 2011, Quinn filed a petition in the Philadelphia Court of Common Pleas to confirm the arbitration award, which was granted. On December 8, 2011, Liberty Mutual Fire Insurance Co. paid the amount of the arbitration award, plus interest, in the total amount of $134,744.38.

On August 25, 2011, Quinn and Feingold brought the present action alleging violation of Pennsylvania's bad faith statute in the United States District Court for the Eastern District of Pennsylvania. On February 28, 2012, the District Court granted the motion to dismiss Feingold's case for lack of standing, but allowed Quinn's claims to

3

proceed. On March 7, 2013, the District Court granted Liberty Mutual's summary judgment motion regarding Quinn's claims. This appeal followed.

## II. Jurisdiction

The District Court had jurisdiction under 28 U.S.C. § 1332. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## III. Analysis

## A. Claim of Allen Feingold

Feingold claims that the District Court erred in dismissing his complaint for lack of standing. Feingold maintains that he has standing pursuant to a partial assignment agreement, which stipulated that Feingold is entitled to forty percent of Quinn's claim against Liberty Mutual. (App. 16a.) On appeal, Feingold contends that there is no prohibition against the assignment of bad faith claims under Pennsylvania law.

Federal courts sitting in diversity apply the substantive law of the state whose law governs the action. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Our review of the District Court's prediction and application of state law is plenary. *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 327 (3d Cir. 1993). When ascertaining Pennsylvania law, the decisions of the Pennsylvania Supreme Court are the authoritative source. *State Farm Mut. Auto. Ins. Co. v. Coviello*, 233 F.3d 710, 713 (3d Cir. 2000). In the absence of a controlling decision by the Pennsylvania Supreme Court, "we must predict how it would

4

rule if faced with the issue." *Spence v. ESAB Grp., Inc.*, 623 F.3d 212, 216 (3d Cir. 2010).

We need not repeat the District Court's comprehensive and well-reasoned analysis that claims under the Pennsylvania's bad faith statute are not assignable in this context. The Pennsylvania Supreme Court has determined that Pennsylvania law does not "permit the assignment of a cause of action to recover for personal injuries." *Hedlund Mfg. Co., Inc. v. Weiser, Stapler & Spivak*, 539 A.2d 357, 359 (Pa. 1988). Contrary to his assertion, Feingold does not belong to the class of plaintiffs allowed to pursue a claim under § 8371. *See Ash v. Cont'l Ins. Co.*, 932 A.2d 877, 882 (Pa. 2007) (explaining that § 8371 "only permits a narrow class of plaintiffs to pursue the bad faith claim against a narrow class of defendants"). Federal courts must apply substantive state law, as interpreted by the state courts, when applying that law in diversity. Federal courts cannot confer broader rights under a state's law than that state court would itself recognize. *Erie*, 304 U.S. at 78; *see also* F. Andrew Hessick, *Standing in Diversity*, 65 Ala. L. Rev. 417, 418 (2013) ("As has been clear since *Erie* . . . [f]ederal courts cannot . . . confer broader rights under state law than the state court [itself] recognize[s].").

Therefore, the District Court did not err in granting Liberty Mutual's motion to dismiss for lack of standing.

## B. Claim of Barbara Quinn

Quinn argues that Appellees violated Pennsylvania's bad faith statute by engaging in a frivolous and unfounded refusal to pay her arbitration award. Central to her claim is

5

the allegation that Appellees "placed their own interests ahead of those of their insured." (Appellant Quinn's Br. 10.)

This Court exercises plenary review over the District Court's grant of summary judgment. *See Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For an issue to be "genuine," a reasonable fact-finder must be able to return a verdict in favor of the non-moving party. *Id.*

Under Pennsylvania law, an insured may bring a cause of action against an insurer who has acted in bad faith. *See Polselli v. Nationwide Mut. Fire Ins. Co.*, 23 F.3d 747, 750 (3d Cir. 1994). Accordingly, in opposing a summary judgment motion, the plaintiff's burden of proof also rises. *See id.*

Here, Quinn's claim rests entirely on circumstantial evidence. Even viewed in the light most favorable to her, the record does not come close to establishing bad faith. Fatal to her claim, challenging an arbitration award by itself does not indicate bad faith. As it has been emphasized by Pennsylvania courts, "bad faith must be proven by clear and convincing evidence and not merely insinuated." *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994) (internal citations omitted). While Pennsylvania requires that an insurer act with the utmost good faith toward its insured, an insurer is not required actively to submerge its own interest. *See Cowden v. Aetna Cas. and Sur. Co.*, 134 A.2d 223, 228 (Pa. 1957) ("[T]he insurer must act with the utmost

6

good faith toward the insured in disposing of claims against the latter. . . . But, that does not mean that the insurer is bound to submerge its own interest in order that the insured's interest may be made paramount.").

Therefore, the District Court did not err in granting Liberty Mutual's motion for summary judgment.

**IV. Conclusion**

For the foregoing reasons, we affirm the judgments of the District Court.