J-A15012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ALLEN FEINGOLD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| MCCORMICK & PRIORE PC, PETER | : | |
| KULP, SCOTT TREDWELL, ERIE | : | |
| INSURANCE EXCHANGE, GENE | : | |
| SALKIND, IMX MEDICAL | : | |
| MANAGEMENT, AND JOSEPH | : | |
| BERNSTEIN | : | |
| | : | |
| Appellees | : | No. 3273 EDA 2019 |

Appeal from the Order Entered November 4, 2019
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  No. 190800208

BEFORE:   LAZARUS, J., KING, J., and STRASSBURGER, J.*

MEMORANDUM BY KING, J.:                         **FILED AUGUST 14, 2020**

Appellant, Allen Feingold, appeals from the order entered in the Philadelphia Court of Common Pleas, sustaining the preliminary objections filed by Appellees, McCormick & Priore PC ("McCormick"), Peter Kulp, Scott Tredwell, and Erie Insurance Exchange ("Erie"), and dismissing Appellant's complaint as to all Appellees with prejudice.  We affirm.

In its opinion, the trial court summarized the relevant facts of this case as follows:

> [Appellant] filed a [*pro se*] complaint with the Philadelphia Court of Common Pleas on August 6, 2019.  The complaint

_____

* Retired Senior Judge assigned to the Superior Court.

arises out of two motor vehicle accidents involving Ms. Hilda Cid occurring in May 2005 and March 2006 (hereinafter "the accidents"), respectively.[1] [Appellant's] connection to the underlying matters stems from his prior legal representations as Ms. Cid's lawyer. On October 8, 2018, [Appellant] allegedly executed an agreement with Ms. Cid. The agreement assigned any and all claims relating to the accidents to [Appellant] in exchange for previous legal representation. [Appellant] is currently disbarred from practicing law in the Commonwealth of Pennsylvania.[2]

[1] Ms. Cid is involved in multiple cases arising out of the accidents. One case is currently in deferred status in the Court of Common Pleas of Philadelphia County … while another is a still active case in the Court of Common Pleas of Montgomery County…. Ms. Cid and [Appellant] are involved in both cases. Like the instant matter, the underlying claims relate to Ms. Cid's alleged causes of action against her insurance carrier … at the time of the motor vehicle accident. The instant matter contains claims which are identical to those found in the other two matters. Also, in [Appellant's] answers to the preliminary objections filed by [McCormick], the majority of [Appellant's] responses relate to actions taken in the underlying lawsuits….

[2] [Appellant] was disbarred from the practice of law in Pennsylvania on August 22, 2008. Not only was [Appellant] disbarred in 2008, [Appellant] was also given a three year suspension on March 3, 2006 and a subsequent two year suspension consecutive to the March 3 suspension on August 22, 2006. This indicates [Appellant] was not allowed to practice law in Pennsylvania at any time following Ms. Cid's second motor vehicle accident.

[Appellant] filed the instant complaint against [Appellees]. [Erie] was Ms. Cid's insurance carrier at the time of the accidents, as well as a defendant in other lawsuits involving Ms. Cid arising out of the accidents. [McCormick] represented [Erie] in those lawsuits. [Appellees Bernstein and Salkind] are expert witnesses used by [McCormick] in the other lawsuits. IMX Medical Management is a company

who manages and coordinates independent medical examinations and evaluations. IMX Medical Management assert they were never involved in any independent medical examinations or any other actions with Ms. Cid relating to the accidents.

[Appellant's] complaint alleges several causes of action: breach of contract, negligent misrepresentation, abuse of process, fraud, defamation, infliction of emotional distress, bad faith, and multiple unnamed claims. On August 26, 2019, [McCormick] and [Erie] jointly filed preliminary objections to the complaint. On September 4, 2019, [Appellee] Joseph Bernstein filed preliminary objections to the complaint. On November 4, 2019, [the trial] court entered an order sustaining all preliminary objections and dismissing the complaint as to all [Appellees] on the grounds [Appellant] lacked capacity to sue any of [Appellees]. As a result, [the trial] court did not address any other issues raised in [Appellees'] preliminary objections.

(Trial Court Opinion, filed December 26, 2019, at 1-3) (internal citations and some capitalization omitted).

Appellant filed a notice of appeal on November 12, 2019.[1] On November 15, 2019, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on December 4, 2019.

Appellant raises the following issues for our review:

Whether the trial court erred in [sustaining] the preliminary objections of [Appellees] and dismissing the complaint with prejudice?

---

[1] Although Appellant proceeded *pro se* in the trial court, current counsel filed the notice of appeal and entered his appearance with this Court.

- 3 -

Whether the trial judge abused his discretion by engaging in prejudicial conduct towards [Appellant] and his former clients?

Whether the trial court erred in dismissing [Appellant's] complaint where the judge overruled the decisions of a judge of coordinate jurisdiction?

(Appellant's Brief at 3).

In his first issue, Appellant emphasizes that Appellees "improperly urge the dismissal of this case based upon the affirmative defense of collateral estoppel." (*Id.* at 8). Appellant insists collateral estoppel is unavailable to Appellees because, *inter alia*, "the previous proceedings related to this matter … did not involve any consideration as to whether [Appellant] might, via an assignment, viably pursue complaints against [Appellees] relating to their participation in a conspiracy and withholding of evidence in a separate action." (*Id.* at 9). Appellant maintains his complaint contained valid causes of action for civil conspiracy, fraud, infliction of emotional distress, and abuse of process, and the court should have denied any demurrer to these claims.

Further, Appellant contends he has standing to file the complaint because he "has advanced costs, his time and fees in connection with the uninsured/underinsured motorist claims and numerous other matters and has, at a minimum, a *quantum meruit* claim for the value of the legal services he provided." (*Id.* at 20). Appellant baldly asserts "[t]his financial stake provides an adequate 'interest' to confer standing upon [Appellant] to seek redress by means of the present lawsuit." (*Id.*) Moreover, Appellant argues

his "claim to intervention is further secured by virtue of" Ms. Cid's assignment of her bad faith claim, which was "freely assignable." (*Id.*) Based upon the foregoing, Appellant concludes the trial court should not have dismissed his complaint with prejudice. We disagree.

We begin by noting our scope and standard of review for an order sustaining preliminary objections:

> Our standard of review mandates that on an appeal from an order sustaining preliminary objections which would result in the dismissal of suit, we accept as true all well-pleaded material facts set forth in the [a]ppellant's complaint and all reasonable inferences which may be drawn from those facts. This standard is equally applicable to our review of preliminary objections in the nature of a demurrer. Where, as here, upholding sustained preliminary objections would result in the dismissal of an action, we may do so only in cases that are clear and free from doubt. To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred. Any doubt should be resolved by a refusal to sustain the objections. We review for merit and correctness—that is to say, for an abuse of discretion or an error of law. This case was dismissed at the preliminary objections stage on issues of law; our scope of review is thus plenary.

*Marks v. Nationwide Ins. Co.*, 762 A.2d 1098, 1099 (Pa.Super. 2000), *appeal denied*, 567 Pa. 751, 788 A.2d 381 (2001) (quoting *Donahue v. Federal Exp. Corp.*, 753 A.2d 238, 241 (Pa.Super. 2000)).

"[I]n Pennsylvania, a party seeking judicial resolution of a controversy 'must establish as a threshold matter that he has standing to maintain the action.'" *In re Walker*, 208 A.3d 472, 475 (Pa.Super. 2019), *appeal denied*,

\_\_\_ Pa. \_\_\_, 218 A.3d 856 (2019) (quoting **Johnson v. American Standard**, 607 Pa. 492, 510, 8 A.3d 318, 329 (2010)).

> [T]he doctrine of standing is a prudential, judicially[-]created principle designed to winnow out litigants who have no direct interest in a judicial matter. For standing to exist, the underlying controversy must be real and concrete, such that the party initiating the legal action has, in fact, been "aggrieved." The core concept of standing is that a person who is not adversely affected in any way by the matter he seeks to challenge is not "aggrieved" thereby and has no standing to obtain a judicial resolution to his challenge. A party is aggrieved for purposes of establishing standing when the party has a substantial, direct and immediate interest in the outcome of litigation. A party's interest is substantial when it surpasses the interest of all citizens in procuring obedience to the law; it is direct when the asserted violation shares a causal connection with the alleged harm; finally, a party's interest is immediate when the causal connection with the alleged harm is neither remote nor speculative.

**In re Nadzam**, 203 A.3d 215, 220-21 (Pa.Super. 2019) (quoting **Rellick-Smith v. Rellick**, 147 A.3d 897, 901 (Pa.Super. 2016)) (emphasis omitted).

"An assignment is a transfer of property or a right from one person to another; unless qualified, it extinguishes the assignor's right to performance by the obligor and transfers that right to the assignee." **Crawford Cent. School Dist. v. Com.**, 585 Pa. 131, 136, 888 A.2d 616, 619 (2005). "[U]nder Pennsylvania state law, an unliquidated personal injury tort claim is not a property right and is not assignable." **Chiropractic Nutritional Associates, Inc. v. Empire Blue Cross and Blue Shield**, 669 A.2d 975, 983 (Pa.Super. 1995).

> [W]e do not permit the assignment of a cause of action to

recover for personal injuries. … [S]uch assignments are void, in part, because a personal injury involves rights which are personal to the individual injured and are considered to be of concern **only** to the individual injured.

*Hedlund Mfg. Co., Inc. v. Weiser, Stapler & Spivak*, 517 Pa. 522, 525-26, 539 A.2d 357, 358-59 (1988) (internal citations omitted) (emphasis in original).

Bad faith claims brought under 42 Pa.C.S.A. § 8371 "may be assigned by an insured to an injured plaintiff and judgment creditor…." *Allstate Property and Cas. Ins. Co. v. Wolfe*, 629 Pa. 444, 456, 105 A.3d 1181, 1188 (2014). However, the statute "only permits a narrow class of plaintiffs to pursue the bad faith claim against a narrow class of defendants." *Ash v. Continental Ins. Co.*, 593 Pa. 523, 531, 932 A.2d 877, 882 (2007).

> [F]or a party to succeed on a statutory claim of bad faith, that party must fulfill a two-prong test, *i.e.*, [t]o prove bad faith, a plaintiff must show by clear and convincing evidence that the insurer (1) did not have a reasonable basis for denying benefits under the policy and (2) knew or recklessly disregarded its lack of a reasonable basis in denying the claim. However, … in order to prove bad faith, a party must show that the insurer breached its duty of good faith through some motive of self-interest or ill-will.

*Greene v. United Services Auto. Ass'n*, 936 A.2d 1178, 1189 (Pa.Super. 2007), *appeal denied*, 598 Pa. 750, 954 A.2d 577 (2008) (internal citations and quotation marks omitted).

Instantly, Appellant's complaint included claims for bad faith and torts arising out of Ms. Cid's motor vehicle accidents. The complaint also included a copy of the assignment, which purportedly transferred Ms. Cid's claims to

Appellant.  (*See* Complaint, filed 8/6/19, at Ex. 1).  In response, Appellees' preliminary objections argued that, *inter alia*, "such an assignment is void under Pennsylvania law," and Appellant "has no standing to assert any claims against any of [Appellees]."  (Preliminary Objections, filed 8/26/19, at 5).

The trial court noted the assignment amounted to Appellant's sole basis for standing, and it determined that the assignment was invalid:

> The United States District Court for the Eastern District of Pennsylvania, while applying Pennsylvania law, has previously invalidated similar assignments of non-personal injury related tort actions, including bad faith claims, involving [Appellant] and other former clients. *Feingold v. Tesone, et al.*, 2012 WL 3956662 (E.D.Pa. 2012).  In fact, the … language [in the instant assignment] is identical to the invalid assignment in *Tesone*….  *See also Feingold v. Liberty Mut. Group*, 847 F.Supp.2d 772, 777 (E.D.Pa. 2012), *aff'd*, 562 Fed.Appx. 142 (3d Cir. 2014) (unpublished) ("A disbarred attorney cannot rely on a contingent fee agreement to pursue on his own behalf an unliquidated tort claim of a former client under [Section] 8371. …").

(Trial Court Opinion at 8).

Here, we cannot say the court erred.  *See Hedlund, supra* (prohibiting assignment of all tort claims arising from personal injury, and allowing assignment of negligence and breach of contact claims arising from legal services only).  Additionally, regarding the bad faith claim, our review of the record leads us to agree with McCormick and Erie's contention that the complaint does not include sufficient factual averments regarding how Erie acted unreasonably and in bad faith.  (*See* Complaint at ¶¶ 91-104).  As Appellees recognize, the complaint contains "either simple reiterations of the

standard of proving bad faith or bald allegations that the standard has been breached." (McCormick and Erie's Brief at 24). On this record, the court did not err in sustaining Appellees' preliminary objections. *See In re Nadzam, supra*; *Marks, supra*.

In his second issue, Appellant argues the trial judge engaged in prejudicial conduct towards him in this case and others. Specifically, Appellant contends Appellees did not properly serve McCormick's preliminary objections. Appellant avers the trial judge knew Appellant did not have access to the electronic filing system and ignored Appellant's requests "that pleadings be served upon him 'the old fashioned way.'" (Appellant's Brief at 22). Appellant also claims the trial judge "was rude and disrespectful to [Appellant], while being openly solicitous and friendly with defense counsel." (*Id.* at 23). Appellant concludes this Court should remand the matter and transfer it to an administrative judge for an evidentiary hearing to examine the trial judge's conduct. We disagree.

Regarding the conduct of trial judges, this Court has noted:

> The judge occupies an exalted and dignified position; he is the one person to whom the jury, with rare exceptions, looks for guidance, and from whom the litigants expect absolute impartiality. To depart from the clear line of duty through questions, expressions, or conduct, contravenes the orderly administration of justice.

*DiMonte v. Neumann Medical Center*, 751 A.2d 205, 210 (Pa.Super. 2000) (internal citations omitted).

Instantly, the certified record contains no evidence of questions,

expressions, or conduct on the part of the trial judge that contravened the orderly administration of justice. ***See id.*** (remanding for evidentiary hearing where, *inter alia*, trial judge left bench and participated in phone calls during trial). At this stage of the proceedings, where we review the complaint and all reasonable inferences therefrom, Appellant's self-serving accusations regarding the trial judge's demeanor do not warrant relief. ***See Marks, supra***; ***DiMonte, supra***.

Additionally, Appellant's grievances about service of the preliminary objections are unfounded. The record reveals McCormick served Appellant with preliminary objections by mail on two occasions.

> Attached to [Appellees'] preliminary objections is a certificate of service, indicating [Appellant] was served a copy by mail to PO Box 60171, Philadelphia PA, 19102. This is the address filed with the Office of Judicial Records as [Appellant's] address as well as the address referenced on [Appellant's] own letterhead. On September 4, 2019, counsel for [McCormick] filed a *praecipe* to attach an amended certificate of service. The amended certificate indicated counsel served [Appellant] a copy of their preliminary objections, along with all accompanying memorandum of law and exhibits, for the second time on September 4, 2019. Yet, [Appellant], in his answer to preliminary objections, still asserts he was never properly served.

(Trial Court Opinion at 4-5) (some capitalization omitted).

Appellant listed "PO Box 60171" as his address in the *pro se* complaint and accompanying civil coversheet. McCormick accomplished service by mailing the preliminary objections to Appellant at this address. ***See*** Pa.R.C.P. 440(a)(2)(i) (allowing service of legal papers "by mailing a copy to or leaving

- 10 -

a copy for the party at the address endorsed on an appearance or prior pleading or the residence or place of business of the party," if there is no attorney of record). Consequently, Appellant is not entitled to relief on his second issue.

In his third issue, Appellant contends Appellees filed summary judgment motions in one of the parties' related cases, "seeking nullification of [Appellant's] assignment on grounds identical to those advanced in the present preliminary objections…." (Appellant's Brief at 26). Appellant claims a different jurist rejected Appellees' argument in the related case, and the trial judge in the instant matter violated the coordinate jurisdiction rule by sustaining preliminary objections based upon the same theory of relief. On this basis, Appellant concludes the trial court erred in dismissing his complaint with prejudice.

Before addressing Appellant's substantive claim, we must consider whether Appellant preserved the issue. *See* Pa.R.A.P. 1925(b)(4)(vii).

> Pa.R.A.P. 1925(b) provides that a judge entering an order giving rise to a notice of appeal may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal…. Rule 1925 also states that [i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived. In *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), our Supreme Court held that from this date forward, in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived. This Court has held that

[o]ur Supreme Court intended the holding in **Lord** to operate as a bright-line rule, such that failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised.

**U.S. Bank, N.A. for Certificateholders of LXS 2007-7N Trust Fund v. Hua**, 193 A.3d 994, 996-97 (Pa.Super. 2018) (internal citations, quotation marks, and emphasis omitted).

Instantly, Appellant's Rule 1925(b) statement preserved the following claims for appeal:

> 1) [The trial judge] has been prejudiced to [Appellant] and/or his former clients for an extended period of time.
>
> 2) [The trial judge] has repeatedly gone out of his way to involve himself in matters in which [Appellant] and/or his former clients are parties.
>
> 3) [The trial judge] improperly [sustained] preliminary objections, despite the fact that [Appellees] failed and refused to provide copies of same to [Appellant] for response.
>
> 4) [The trial judge] improperly [sustained] preliminary objections to one party that [Appellant] possessed judgment against and to another that had answered the complaint.
>
> 5) The complaint, viewed in the light most favorable to [Appellant], adequately set forth a factual and legal basis for relief upon all causes of action alleged therein.

(Rule 1925(b) Statement, filed 12/4/19, at 1-2).

Although the Rule 1925(b) statement generally challenges the trial court's dismissal of the complaint, Appellant did not include a specific averment concerning application of the coordinate jurisdiction rule. As

Appellant failed to preserve this claim by first raising it in his Rule 1925(b) statement, we deem the argument waived. ***See Hua, supra***. Accordingly, we affirm the order sustaining Appellees' preliminary objections and dismissing Appellant's complaint with prejudice.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/14/20