NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 19-2621

————————

ALLEN L. FEINGOLD,

Appellant

v.

PALMER & BARR; THERESA MOGAVERO SIMMONS; JOHN MCGRATH;
STATE FARM INSURANCE COMPANY, AKA State Farm; STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY, AKA State Farm;
STATE FARM AUTOMOBILE INSURANCE COMPANY, AKA State Farm;
STATE FARM FIRE AND CASUALTY COMPANY, AKA State Farm;
STATE FARM MUTUAL INSURANCE COMPANY, AKA State Farm;
THOMAS DELEVIE; BARBARA J. LYONS; BCMAC; WALTER S. JENKINS;
MARK S. KARDOS; JOHN BARR

————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-04991)
District Judge: Honorable Mitchell S. Goldberg

————————

Submitted under Third Circuit LAR 34.1(a)
On January 24, 2020

Before: AMBRO, MATEY and ROTH, Circuit Judges

(Opinion filed: December 24, 2020)

————————

ROTH, <u>Circuit Judge</u>

Allen Feingold—previously disbarred lawyer,[1] currently pro se plaintiff—sued State Farm Insurance Company, naming its counsel and arbitrators as additional defendants, asserting a claim of bad faith under 42 Pa.C.S. § 8371. The claim arose from an underinsured motorist action of Feingold's former client, Dawn McAteer, who assigned her bad faith insurance claim to Feingold. All defendants filed motions to dismiss and the District Court for the Eastern District of Pennsylvania granted them.[2] We will affirm the order of the District Court.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332 and we have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. *Finkelman v. National Football League*, 810 F.3d 187, 192 (3d Cir. 2016).

Statutory permission is required to assign bad faith claims. As the District Court found, Feingold has none.[3] According to Feingold, bad faith claims are freely assignable

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Feingold was first suspended from the practice of law in Pennsylvania for three years on March 3, 2006, and again for two years, consecutive to the earlier suspension, on August 26, 2006. He was disbarred on August 28, 2008. *Feingold v. Graff*, 516 F. App'x 223, 226 n.3 (3d Cir. 2013). We have affirmed dismissals of Feingold's previous attempts to circumvent his inability to practice law in similar pro se actions. *See Feingold v. Liberty Mut. Grp.*, 562 F. App'x 142 (3d Cir. 2014).

[2] *See Feingold v. Palmer & Barr*, No. 2:18-CV-04991-MSG, 2019 WL 9100332, at *5 (E.D. Pa. June 10, 2019).

[3] *See Feingold*, 2019 WL 9100332, at *3.

pursuant to *Allstate Property & Casualty Insurance Company v. Wolfe*.[4] But Feingold's

reliance on *Wolfe* is misplaced. *Wolfe* does not extend permission to assign bad faith claims

under 42 Pa.C.S. § 8371 beyond assignments "to an injured plaintiff and judgment

creditor."[5] Feingold was neither. Therefore, as the District Court correctly held, without

a valid assignment, Feingold lacks standing to bring a bad faith suit.[6]

If that were not enough, Feingold is a disbarred attorney who is prohibited from

having any contact with previous clients.[7] As the District Court deduced, Feingold could

not have obtained a signed contract from McAteer without having had any contact with

her.[8] Thus, even if McAteer's assignment were recognized under Pennsylvania law,

enforcing it would violate public policy.

---

[4] 105 A.3d 1181 (Pa. 2014).

[5] *Id.* at 1188. As the District Court helpfully explained:

> In *Wolfe*, the insured of the defendant insurance company
> assigned his claim to the victim of an accident caused by the
> insured's drunk driving. Following a jury verdict in favor of
> the assignee-victim, the insurance company appealed, arguing
> that the assignee lacked standing because the assignment of the
> bad faith claim was impermissible. The United States Court of
> Appeals for the Third Circuit certified the issue regarding the
> validity of the assignment to the Pennsylvania Supreme Court.
> The Pennsylvania Supreme Court held that the assignment in
> that case was valid, but expressly limited assignments of bad
> faith claims to "an injured plaintiff and judgment creditor."

*Feingold*, 2019 WL 9100332, at *3 (citations omitted).

[6] *Feingold*, 2019 WL 9100332, at *5.

[7] Pa.R.D.E. 217(j)(4)(v) (prohibiting formerly admitted attorneys from "having any contact with clients either in person, by telephone, or in writing, except [for certain ministerial matters]").

[8] *Feingold*, 2019 WL 9100332, at *4.

3

Feingold argues there is no actual evidence of contact. But the contract itself is the evidence. It stretches the imagination to believe Feingold could have procured a signed contract from McAteer, assigning her bad faith claim to him, absent any contact between them. Construing the facts alleged in the light most favorable to the non-moving party—which Feingold suggests the District Court erred in not doing—does not require us to assume the impossible.

## III

Without a valid assignment of a claim of bad faith, Feingold lacks standing. We will affirm the District Court's order, dismissing Feingold's claim.